```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

GEORGE ROBINSON,

              Plaintiff,              6:18-cv-06135-MAT

    -v-                                          **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

              Defendant.
```
_____
```

## INTRODUCTION

George Robinson ("Plaintiff"), represented by counsel, brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("Defendant" or "the Commissioner") denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On April 27, 2015, Plaintiff protectively filed for DIB, alleging disability beginning June 10, 2014. Administrative

Transcript ("T.") 66-67. The claim was initially denied on July 13, 2015, and Plaintiff timely requested a hearing. T. 76-89. A hearing was conducted via video-conference on November 1, 2016, in Falls Church, Virginia by administrative law judge ("ALJ") Rosanne M. Dummer. T. 31-64. Plaintiff appeared with his attorney and testified via video-conference from Rochester, New York. An impartial vocational expert ("VE") also testified.

The ALJ issued an unfavorable decision on February 24, 2017. T. 10-30. Plaintiff timely appealed the decision to the Appeals Council ("AC"), which denied Plaintiff's request for review on December 15, 2017, making the ALJ's decision the final decision of the Commissioner. T. 1-5. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through March 31, 2019. T. 15.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful since his alleged onset date. *Id.*

At step two, the ALJ determined that Plaintiff had the "severe" impairments of status-post June 2014 motor vehicle accident, status-post June 2015 decompression L5-S1, chronic lumbar spine myofascitis and radiculitis. *Id.*

The ALJ also determined that Plaintiff's medically determinable impairment of depression did not have more than a minimal effect on his ability to perform basic work activities, and therefore was nonsevere. T. 16.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ specifically considered Listing 1.04 (Disorder of the Spine) in making this determination. T. 17.

Before proceeding to step four, the ALJ assessed that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), with the following limitations: can lift/carry twenty pounds occasionally and ten pounds frequently; sit six of eight hours, one hour at a time; stand two of eight hours, one hour at a time; walk two of eight hours, one hour at a time; occasionally reach overhead and occasionally operate food controls; occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl; avoid ladders/scaffolds and vibrations; occasionally tolerate

3

humidity/wetness and extremes of heat/cold; and frequently operate a motor vehicle. *Id*.

At step four, the ALJ determined that Plaintiff was unable to perform any of his past relevant work as a cabinet assembler, turret-lathe setup operator computer, hospital housekeeper, recycler, or packager at Kodak and assembler. T. 25.

At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the representative occupations of parking lot cashier, ticket taker, ticket seller, laminator, table worker, and ampoule sealer. *Id*. The ALJ accordingly found that Plaintiff had not been under a disability, as defined in the Act. T. 26.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the

Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff contends that remand is warranted because the RFC finding is not supported by substantial evidence. In particular, Plaintiff argues that the ALJ: (1) improperly relied on the medical opinion of non-examining medical expert Dr. Louis Fuchs; (2) failed to properly evaluate the opinion of Plaintiff's treating primary care providers, family nurse practitioner ("FNP") Sara Genovese and Dr. Lorinda Parks; and (3) erred at step five by finding Plaintiff could perform other work which exceeded the RFC finding.

For the reasons discussed below, the Court concludes that the ALJ failed to fulfill her responsibility to resolve the conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT") at Step Five, thus requiring remand.

I. **The VE's Interrogatories Response**

On January 23, 2017, VE Jane Beougher, who testified at the November 1, 2016 hearing, completed interrogatories sent to her by the ALJ. T. 209-12. In the interrogatories, the ALJ included the hypothetical which eventually became the ALJ's RFC finding.[1] Notably, the hypothetical included the limitation of occasionally reaching overhead. T. 209.

In her response, the VE stated the hypothetical individual would be unable to perform any of Plaintiff's past jobs. T. 210. However, the VE stated Plaintiff would be able to perform other jobs that exist in the national economy, including parking lot cashier, ticket taker, ticket seller, laminator, table worker, and ampoule sealer. T. 201-11. The VE then checked "no" to the question of whether there were any conflicts between the

---

[1] The hypothetical also assumed that the individual had at least a high school education. This assumption was inconsistent with Plaintiff's testimony that he dropped out of school after completing the eleventh grade. *See* T. 36. However, the VE provided several unskilled jobs that Plaintiff would be able to perform, within the RFC finding. Unskilled jobs do not require a high school education and accordingly, the error of assuming at least a high school education was harmless.

occupational evidence she provided and the occupational information contained in the DOT. T. 212.

**II. The ALJ's Step Five Finding Conflicts with the RFC Finding that Plaintiff is Limited to Occasional Overhead Reaching**

Plaintiff contends the ALJ erred at step five when she found Plaintiff was capable of performing work that exceeded his physical limitations. Specifically, Plaintiff argues that it was error for the ALJ to rely on the VE's statements, which conflicted with the DOT, and that the ALJ further erred by failing to resolve that conflict. The Commissioner maintains the ALJ did not err because restricting Plaintiff's ability to reach overhead does not create a conflict with reaching in general. For the reasons set forth below, the Court finds that a conflict exists and the ALJ erred at step five by not resolving that conflict.

The DOT offers basic job descriptions with physical requirements for all the jobs contained within it. All six of the jobs the VE offered as jobs Plaintiff would be capable of performing are included in the DOT, along with their physical requirements. In particular, the DOT states that the jobs of ticket seller and laminator both require "constantly" reaching. *See* DOT (U.S. Dep't of Labor 4th ed. Rev. 1991) § 211.467-030, 1991 WL 671853; § 690.685-258, 1991 WL 678561. "Constantly" is

defined as two-thirds or more of the workday. *Id*. "Reaching" is defined as "[e]xtending hand(s) and arm(s) in *any direction*." *See* Department of Labor's Selected Characteristics of Occupations ("SCO"), App'x C (1993); Social Security Regulations ("SSR") 85-15, 1985 WL 56857, at *7 (S.S.A. 1985) (emphasis added). The DOT states that the jobs of parking lot cashier, ticket taker, table worker, and ampoule sealer all require "frequently" reaching. *See* DOT § 915.473-010, 1991 WL 687865; § 344.667-010, 1991 WL 672863; § 739.687-182, 1991 WL 680217; § 559.687-014, 1991 WL 683782. "Frequently" is defined as one-third to two-thirds of the workday. *Id*. As noted above, the ALJ found Plaintiff was capable of reaching overhead only occasionally.

SSR 00-4p provides that if an ALJ considers the testimony of a VE, the information provided by the VE "generally should be consistent with the occupational information supplied by the DOT." S.S.R. 00-4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000). "When there is an apparent unresolved conflict" between the VE's testimony and the DOT, the ALJ is responsible for "elicit[ing] a reasonable explanation for the conflict before relying on the VE's [testimony]." *Id*. Notably, neither the DOT nor the VE's testimony "automatically 'trumps' when there is a conflict." *Id*. Instead, the ALJ must resolve the conflict by determining if the VE's explanation is reasonable and justifies relying on the VE's

testimony instead of the DOT information. Furthermore, the Second Circuit recently found that in such cases, the ALJ's duty to obtain a reasonable explanation from the VE for "any *apparent* – even if non-obvious – conflict" between the VE's testimony and the DOT is not resolved simply by taking the VE's word that their testimony comports with the DOT. *Lockwood v. Commissioner of Social Security Administration*, __F.3d__, 17-2591-cv, 2019 WL 286674, at *4, (2d Cir. 2019) (emphasis in original) (internal quotation marks and citations omitted). Instead, the SSR 00-4p "places the onus on the [ALJ] to affirmatively 'identify' any conflicts." *Lockwood*, 2019 WL 286674, at *5. "Allowing the [ALJ] to fulfill this obligation through catch-all questions . . . would essentially shunt the [ALJ's] duty to identify, explain and resolve apparent conflicts onto the [VE]." *Id*. (internal quotation marks omitted). Accordingly, the Second Circuit found that the Ruling "must be read to 'impose an independent, affirmative obligation on the part of the ALJ to undertake a meaningful investigatory effort to uncover apparent conflicts, beyond merely asking the [VE] if there is one.'" *Id*. (quoting *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018)).

At the hearing, the ALJ asked the VE if her testimony was consistent with the descriptions in the DOT, to which she replied

9

"yes." T. 62. In the interrogatories, the VE checked "no" to the question of whether there were any conflicts between the occupational evidence she provided and the occupational information contained in the DOT. T. 212. There is no indication in the record that the ALJ relied upon the DOT job descriptions after receiving the job titles from the VE. As evidenced by the now apparent conflict between the VE's testimony and the DOT, this error was not harmless. *See Spears v. Colvin*, No. 15-CV-6236-FPG, 2016 WL 4973890, at *4 (W.D.N.Y. Sept. 19, 2016) ("ALJ erred when he failed to identify apparent conflict between the jobs the VE identified and the information contained in the DOT and SCO that each position requires frequent reaching in all directions."); *Patti v. Colvin*, No. 13-CV-1123-JTC, 2015 WL 114046, at *6 (W.D.N.Y. Jan. 8, 2015) (ALJ erred where he failed to resolve the conflict between plaintiff's ability to reach occasionally and the VE's testimony that plaintiff could perform jobs that required frequent reaching according to the DOT).

An ALJ can only find a claimant not disabled at step five if the ALJ is able to demonstrate there are jobs that "exist in significant numbers in the national economy" that the claimant can perform. 20 C.F.R. § 404.1560(c)(1). Relying on a VE's testimony that is inconsistent with the claimant's actual capabilities cannot serve as substantial evidence to support the

ALJ's step five finding. *See, e.g., Lockwood*, 2019 WL 286674, at *6 (VE's testimony could not represent substantial evidence capable of demonstrating plaintiff could successfully perform work in the national economy where that testimony possibly conflicted with the DOT); *Robles v. Comm'r of Soc. Sec.*, No. 5:15-CV-1359(GTS) 2016 WL 7048709, at *6 (N.D.N.Y. Dec. 5, 2016) (remanding where VE testimony presented conflict in the evidence such that "the Court [could not] determine whether substantial evidence support[ed] the ALJ's step-five findings").

The Commissioner's argument that there is no conflict because a limitation in a claimant's ability to "reach overhead" does not create a conflict with "reaching" in general is unpersuasive. Given the SCO's broad definition of "reaching," it is entirely possible the jobs named by the VE would include more than an "occasional" overhead reaching requirement. However, it is not the Court's duty to guess at the specific reaching directions each job requires. That duty rests squarely with the ALJ. It was the ALJ's duty to elicit an explanation from the VE in order to clarify work requirements of "frequent" and "constant" reaching for each job and determine if those requirements were compatible with RFC finding. *See Lockwood,* 2019 WL 286674, at *4; *Spears,* 2016 WL 4973890, at *5 ("Although this Court could guess what these occupations require in reality, it

11

is the ALJ's duty to elicit an explanation from the VE as to whether these occupations actually require frequent overhead reaching.").

Although the ALJ failed to clarify the basis of the VE's responses that Plaintiff was capable of performing jobs that required either "frequent" or "constant" reaching, and instead found the Plaintiff was only capable of "occasional" overhead reaching, the Court is unable to determine whether substantial evidence supports the ALJ's Step Five findings. The Court accordingly finds that remand is required.

**III. Plaintiff's Remaining Arguments**

In finding remand necessary for the reasons stated above, the Court need not reach Plaintiff's remaining arguments concerning the ALJ's reliance on the medical opinion of non-examining medical expert Dr. Fuchs and the ALJ's evaluation of the opinion of FNP Genovese and Dr. Parks.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 9) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings

(Doc. 12) is denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   February 2, 2019
         Rochester, New York